Submitted February 11, affirmed March 18, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CURTIS LEE WATERS,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR27224; A168408

463 P3d 609

Patricia L. McGuire, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Affirmed.

**PER CURIAM**

In this appeal from a judgment revoking his probation, defendant challenges the trial court's decision to hold a late probation revocation hearing and its correlative failure to release him from custody pending the hearing. Defendant contends that the court's decisions were erroneous, entitling him to a new revocation hearing. We affirm because the trial court's error, if any, was harmless.

ORS 137.545(6) provides that, "[e]xcept for good cause shown, if the revocation hearing is not conducted within 14 calendar days following the arrest or detention of the probationer, the probationer shall be released from custody." In this case, the trial court found that there was good cause to delay the revocation hearing and later revoked defendant's probation. Because the court found good cause to hold the hearing late, defendant was not released from custody while he waited for his hearing, at which the court revoked defendant's probation. Defendant challenges (1) the court's prehearing determination that there was "good cause" under ORS 137.545 to hold the revocation hearing more than 14 calendar days after defendant's arrest on the probation violation warrant and (2) its concomitant failure to release defendant from custody pending the hearing. Defendant contends that, "[e]ven if the court cannot now grant defendant's pre-hearing release," the court's errors were prejudicial because, if the court had not erred, "it might have granted defendant's release or other, alternative relief, and defendant may have been able to use the extra time to come into compliance with probation or to otherwise convince the court to exercise leniency."

We conclude that the trial court's errors, if any, were harmless. That is, contrary to defendant's assertions, there is little likelihood that any errors in the court's prehearing decisions affected its ultimate revocation decision. As the state notes, the record reflects that defendant was on a "no-bail hold out of Clackamas County" on another charge at the time of these revocation proceedings and, consequently, would have been in custody regardless of the court's prehearing decision under ORS 137.545. Beyond that, the record reflects that defendant was represented by counsel

at the revocation hearing and otherwise had a full and fair opportunity to contest revocation. On this record, we are confident that different prehearing decisions would not have altered the outcome of the revocation hearing.

Affirmed.